IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KIONNE DEVAUGHN LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:26-CV-120-Z-BR |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

On May 29, 2026, Plaintiff Kionne Devaughn Lewis tendered to the Clerk a filing attempting to initiate a civil rights case under 42 U.S.C. § 1983. (ECF 3).

On July 9, 2026, the Court issued a Deficiency Order, ordering Lewis to provide a trust account certificate in support of his Motion for Leave to Proceed *in forma pauperis* (ECF 4) by August 10, 2026. (ECF 5). Lewis did not comply. On August 25, 2026, the Court *sua sponte* extended Lewis's deadline to respond to September 25, 2026. (ECF 6). While has filed several documents in support of his claims (ECF 7-10), he has not filed the required trust account certificate, nor has he paid the filing fee.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* FED. R. CIV. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and

substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988); *Birl*, 660 F.2d at 593. Dismissal without prejudice under Rule 41(b) is appropriate here due to Lewis's failure to comply with Court orders.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the complaint filed by Kionne Devaughn Lewis (ECF 3) be DISMISSED without prejudice.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 26, 2026.

Lee Ann Reno
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28

U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).